UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Charles Burgess, Jr., # 88539-071, | ) C/A No. 2:11-1621-CMC-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, FCI-Marianna, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner is a federal prisoner with a long history of litigation in this Court. Petitioner is currently incarcerated in a federal prison in Florida, serving a sentence entered on a 2010 conviction obtained in the Western District of North Carolina. In the Petition submitted in this case, Petitioner asks this Court to vacate a federal perjury conviction that he received in this Court in 1992. The case in which the conviction was obtained is *United*

---

[1] Petitioner captions his Petition as one "for a writ of habeas corpus ad subjiciendum." Even though Petitioner does not cite to § 2241, since he has already filed a § 2255 motion regarding the federal conviction that is the subject of his Petition, it is properly designated a § 2241 petition. *See U.S. v. Moussaoui*, 382 F.3d 453, 465 (4th Cir. 2004); *Kanewske v. Nitze*, 383 F.3d 388, 389 (9th Cir. 1967).

*States v. Burgess*, Criminal Action No. 92-217-1-DWS. The conviction was used to enhance his current sentence, but he claims that the 1992 conviction was "constitutionally tainted and illegally obtained."

Review of this Court's records discloses that, among his over thirty civil filings in this Court between 1988 and 2003, Petitioner filed an unsuccessful § 2255 motion regarding the 1992 conviction in May 1994.[2] The motion was fully considered on the merits by this Court. *Burgess v. USA*, Civil Action No. 0:94-1377-DWS. Petitioner's appeal from the decision on that motion was dismissed by the Fourth Circuit for lack of prosecution. *Burgess v. USA*, No. 96-7452 (4th Cir. Dec. 12, 1996). In 1999, Petitioner filed a second, successive, but unauthorized, § 2255 motion regarding the perjury conviction. That motion was dismissed and no appeal was filed. *Burgess v. USA*, Civil Action No. 3:99-cv-01097-DWS. Thereafter, on September 19, 2001, Petitioner was found to have violated the terms of his supervised release on the perjury conviction and sent back to prison for twenty-four months. His appeal was denied by the Fourth Circuit Court of Appeals on March 14, 2002. He filed an unsuccessful § 2255 motion regarding the violation judgment on March 28, 2002. That motion was considered on the merits by this Court. *Burgess v. USA*, Civil Action No. 3:02-cv-01002-CMC. He also filed an unsuccessful § 2241 regarding the violation judgment around the same time. *Burgess v. U.S. Attorney Gen.*, Civil Action No. 9:02-cv-00808-DWS.

---

[2] This Court takes judicial notice of Petitioner's numerous filings in which he sought to challenge the validity of the 1992 perjury conviction. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

**Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

**Analysis**

3

Initially, it appears that the § 2241 Petition filed in this matter was filed in the wrong court. It is well settled that, a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494-500 (1973); *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979); *see also Talbot v. Indiana*, 226 F.3d 866, 870-71 (7th Cir. 2000)(citing Rule 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts). A prisoner's warden is his "custodian" and, therefore, the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). This Court, a federal court within the State of South Carolina, cannot obtain *in personam* jurisdiction over Petitioner's custodian, who is in Florida. *See Norris v. Georgia*, 522 F.2d 1006, 1010-14 (4th Cir. 1975)( "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'").

Even assuming that this Court could obtain personal jurisdiction over Petitioner's custodian, it is clear on the face of the pleading that the Petition in this case should be summarily dismissed on the merits. Petitioner's claims regarding the validity of the 1992 perjury conviction entered by this Court are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. By filing this § 2241 Petition without first presenting the claim of underlying invalidity of his conviction to the appropriate appellate court in an effort to obtain authorization for a successive § 2255 motion, Petitioner is improperly attempting to short-circuit the statutory framework clearly

established by Congress for the consideration of such claims. This attempted bypass of the statutes' gate-keeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about a "constitutionally tainted and illegally obtained" conviction go to the underlying validity of his 1992 federal conviction rather than to the

5

manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999)(same). Petitioner makes no argument in his Petition that the § 2255 remedy is (or has been) inadequate or ineffective with regard to the his perjury conviction. Petitioner also does not argue that his conviction has become invalid as a result of new constitutional law or new evidence discovered since the time of conviction. *See In re Jones*, 226 F. 3d 328  (4th Cir. 2000).

    With regard to the application of the "savings clause" to § 2241 petitions, it is settled in this circuit that the possibility that another § 2255 petition filed by Petitioner might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases). In fact, Petitioner makes no "ineffective or inadequate" argument whatsoever in either his Petition or the attached Memorandum in this case. But, even if he did attempt such an argument, it should be summarily rejected because, under the facts shown in this case, Petitioner cannot, in good faith, claim that the § 2255 remedy is "inadequate or ineffective" in his case because he is unable to file another § 2255 motion in this Court because he did not complete the appeal from the denial of his initial § 2255

motion nor did he ask the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, to consider whether he should be permitted to file a another § 2255 motion. Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered through proper procedural channels indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA. As noted above, Petitioner has had numerous opportunities to challenge the validity of the 1992 perjury conviction through appeals and motions regarding both the conviction and the subsequent supervised release violation judgment. He should not be allowed to continue such challenges at this late date without following the appropriate statutory procedures.

## **Recommendation**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice.

Petitioner's attention is directed to the important notice on the next page.

                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

July 21, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).