IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Albert Charles Burgess, Jr., | ) | C/A NO. 2:11-1621-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden, FCI - Marianna,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus *ad subjuciendum*, filed by Petitioner in this court pursuant to 28 U.S.C. § 1651. Petitioner contends that "there is no other legal remedy available" to "contest the situation the rights violation(s) named herein have wrought." Pet. at 1 (Dkt. #1, filed July 5, 2011). This petition was construed by the Magistrate Judge as a petition filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On July 21, 2011, the Magistrate Judge issued a Report recommending that this matter be construed as a petition for writ of habeas corpus

---

[1] The petition for writ of habeas corpus filed by Petitioner lists "Harley Lappin, Director, Federal Bureau of Prisons" as Respondent in this matter. *See* Pet. at 1 (Dkt. #1, filed July 5, 2011). However, the only proper respondent in a habeas petition is the "person having custody of the person detained." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). In challenges to physical confinement, the proper respondent is the Warden of the facility where the petitioner is confined, "not the Attorney General or some other remote supervisory official." *Id*. at 435. Because Petitioner was housed at FCI-Marianna, Florida, when he filed this petition, the Magistrate Judge issued an Order directing that "Warden, FCI-Marianna" be listed as the sole Respondent in this matter. *See* Order, Dkt. #5 (filed July 21, 2011). The undersigned believes this matter is more properly construed as a second or successive motion for relief under § 2255. Therefore, the proper Respondent is the United States.

under 28 U.S.C. § 2241 and dismissed without prejudice and without service on Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 11, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice.

Petitioner contends in his objections that 28 U.S.C. § 1651 has "been around longer than § 2241" and that he objects to the construction of his petition as proceeding under 28 U.S.C. § 2241. Obj. at 1 (Dkt. # 10, filed Aug. 11, 2011). However, the United States Supreme Court has explained that the "All Writs Act [28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

Petitioner's application challenges the "illegal conviction [from the District of South Carolina] which was used to enhance his present federal sentence." Pet. at 1.[2] A petition for a writ of habeas corpus *ad subjiciendum* seeks the issuance of what is commonly understood as the "Great Writ" of habeas corpus at common law, the petition used by prisoners to challenge the constitutionality of their convictions and sentences. *Stantini v. United States*, 986 F. Supp. 736, 739 (E.D.N.Y. 1997). However, "for the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law." *Carbo v. United States*, 364 U.S. 611, 614 (1961), citing *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 92-93 (1807). A motion under 28 U.S.C. § 2255 is "in every respect the progeny of the common law writ of habeas corpus permitting it to be entertained in a 'more convenient forum.'" *Stantini*, 986 F. Supp. at 740 (quoting *United States v. Hayman*, 342 U.S. 205, 219 (1952)). Indeed, "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."[3] *Davis v. United States*, 417 U.S. 333, 343 (1974).

---

[2]On November 18, 2009, Petitioner was found guilty after a jury trial of one count of possessing visual images of minors engaging in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(4)(B), and one count of receiving visual depictions of minors engaging in sexually explicit activity that had been mailed and shipped in interstate commerce, a violation of 18 U.S.C. § 2252(a)(2). Petitioner was sentenced to a total of 292 months' imprisonment.

[3]"Habeas corpus" as that term is commonly used "actually refers to the habeas corpus *ad subjiciendum*." *Fay v. Noia*, 372 U.S. 391, 399 n.5 (1963), *overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991). *See also Stone v. Powell*, 428 U.S. 465, 475 n.6 (1976) ("It is now well established that the phrase 'habeas corpus' used alone refers to the common-law writ of habeas corpus *ad subjiciendum*, known as the 'Great Writ.'").

3

The Magistrate Judge indicates that "[e]ven though Petitioner did not cite to § 2241, since he has already filed a § 2255 motion regarding the federal conviction that is the subject of this Petition, it is properly designated a § 2241 petition." Report at 1 n.1 (Dkt. #6, filed July 21, 2011). However, the citations provided by the Magistrate Judge do not fully support this assertion.

A federal prisoner such as Petitioner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.1997). In limited circumstances, however, § 2255 is "inadequate or ineffective" to test the legality of the detention. In those cases, the prisoner "may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). In *Jones*, the Fourth Circuit Court of Appeals concluded that a § 2255 motion is inadequate or ineffective, and a § 2241 petition may be used to test the legality of a conviction, only when certain criteria are met. *See id.* at 333-34.[4]

Petitioner's application does not meet any of the criteria for the filing of a § 2241 petition. Moreover, Petitioner filed the petition with this court, instead of in the district where he was confined at the time he commenced this action. Therefore, the undersigned assumes he did not intend to file a petition under 28 U.S.C. § 2241.[5]

---

[4] A Section 2255 motion is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of the circuit court of conviction or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re: Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

[5] Petitioner is well-versed in the filing requirements of a variety of actions in the courts, having filed over thirty (30) actions in this District alone.

4

To the extent Petitioner contends his 1992 perjury conviction was "illegal,"[6] as noted by the Magistrate Judge, Petitioner previously filed a motion for relief under § 2255, which was denied on its merits. *See Burgess v. United States*, D.S.C. Civil Action No. 94-1377-DWS. Moreover, Petitioner filed a second motion for relief under § 2255, which was dismissed as an unauthorized second or successive § 2255 motion. *See Burgess v. United States*, D.S.C. Civil Action No. 99-1097-DWS. Therefore, to the extent the current petition is more properly construed as a motion for relief under 28 U.S.C. § 2255, Petitioner's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in this court is fatal to the outcome of any action on the motion in this court. As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

Therefore, because this petition is more properly considered a motion for relief under § 2255, this court dismisses the motion as it is without jurisdiction to entertain it.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
September 15, 2011

---

[6]Petitioner was convicted upon his plea of guilty entered October 16, 1992.

5